IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEITH K. CHAMBERS,**

         **Plaintiff,**

                CIVIL ACTION
  **vs.**              No. 06-3082-SAC

**GARY STEED, et al.,**

         **Defendants.**


<u>ORDER</u>

Plaintiff proceeds pro se on a civil complaint filed under 42 U.S.C. § 1983 while he was a prisoner confined in the Sedgwick County Adult Detention Center in Wichita, Kansas. Plaintiff's subsequent notice to the court of a change of address suggests that plaintiff is no longer confined in that facility.

Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff filed this action while he was a "prisoner" as defined by 28 U.S.C. § 1915(h),[1] the court is required to screen

---

[1] It appears plaintiff filed his complaint while he was a pretrial detainee being held in the Sedgwick County facility. A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h)(as amended April 26, 1996, by the Prison Litigation Reform Act).

his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

Plaintiff states he was held in segregation at the Sedgwick County Adult Detention Facility because he refused to be farmed out to another county facility.  Plaintiff states this segregated confinement violated his First Amendment rights because it did not allow him to participate in Friday prayer service.  He also claims his constitutional right of access to the courts was violated by the denial of legal materials.  On these allegations plaintiff seeks damages for the alleged violation of his constitutional rights.[2]

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  Thus, any claim that defendants violated Sedgwick County policies  states no cause of action under 42 U.S.C. § 1983.

Having reviewed plaintiff's allegations, the court finds the complaint states no claim upon which relief can be granted under § 1983.

A prisoner has no right to choose his place of confinement and may be transferred for any reason or no reason at all.  Robinson v. Benson, 570 F.2d 920, 923 (10th Cir. 1978).  See Olim v. Wakinekona,

---

[2]Plaintiff also seeks his return to general population without being subject to transfer to another correctional facility.  This claim for relief is now moot.  See Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions).

2

461 U.S. 238, 245 (1983)(prisoner has no constitutional right to be incarcerated in any particular facility or state). Nor does a prisoner have a protected liberty interest in remaining in general population, *see* Sandin v. Conner, 515 U.S. 472 (1995)(a liberty interest protected by the Due Process Clause arises only if a prisoner is subjected to "atypical and significant hardship" in relation to the ordinary incidents of his confinement), or to contact visitation, *see* Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989)(prisoner has no inherent constitutional right to visitation). *See also* Overton v. Bazzetta, 539 U.S. 126 (2003)(courts are to accord substantial deference to professional judgment of prison administrators in management of prison).

To the extent plaintiff contends his segregated confinement prevented him from attending congregate services at the Sedgwick County facility, no deprivation of plaintiff's First Amendment right to exercise his religious beliefs is stated on this bare allegation. *See* O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)(incarceration necessarily limits a prisoner's free exercise of religion); Thiry v. Carlson, 78 F.3d 1491, 1496 (10th Cir. 1996)(generally applicable religion-neutral law does not violate the Free Exercise Clause even if it incidentally affects religious practice). *See also* Turner v. Safley, 482 U.S. 78, 89 (1987)(prison regulation impinging on prisoner's constitutional rights is valid "if it is reasonably related to legitimate penological interest"). Plaintiff does not claim he was unable to practice his religion in his segregated cell, nor does he explain how the denial of congregate services impaired his exercise of his religious beliefs.

Additionally, plaintiff's allegations of not being provided

legal materials for use in an unidentified state court appeal[3] are insufficient to state a cognizable constitutional claim. While a prisoner retains a fundamental right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996),[4] this right extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. *See* Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995). Plaintiff fails to demonstrate to how the denial of legal materials hindered his ability to pursue a nonfrivolous claim in such litigation. "To present a viable claim for denial of access to courts ... an inmate must allege and prove prejudice arising from the defendants' actions." Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). This requirement is a constitutional prerequisite, and is not satisfied by just any type of frustrated legal claim." Lewis v. Casey, 518 U.S. at 351 and 355. An injury only occurs when prisoners are prevented from attacking their sentences or challenging the conditions of their confinement. Id. at 356. "[I]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of

---

[3] Plaintiff cites a pending appeal in the state courts in an action identified as concerning the same allegations of error asserted in this federal complaint. Given this ongoing state proceeding, the court also questions whether federal review of plaintiff's claims would even be appropriate. *See* Younger v. Harris, 401 U.S. 37 (1971)(narrowly proscribing federal interference with on-going state criminal proceedings); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)(extending Younger doctrine to civil proceedings); Parkhurst v. Wyoming, 641 F.2d 775, 777 (1981) (extending Younger doctrine to § 1983 claim for damages).

[4] This right of meaningful access also extends to inmates in county jails. Love v. Summit County, 776 F.2d 908, 912 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986).

4

conviction and incarceration." Id.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motions (Docs. 2 and 4) for leave to proceed in forma pauperis are granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 25th day of July 2006 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge